NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-974

D.A.-B.

vs.

A.A.-B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant purports to appeal from the issuance and extension of an abuse prevention order under G. L. c. 209A (209A order) issued against her contending the evidence was insufficient.[1]  We affirm.

Background.  The parties were married in 2017 and have one child born in February 2020.  On June 17, 2020, the plaintiff

---

[1] The defendant filed a notice of appeal from the issuance of the initial ex parte 209A order entered on June 17, 2020, and the one-year extension entered on June 30, 2020.  The 209A order was subsequently extended in June 2021 and again in June 2022, neither of which the defendant appealed.  The 209A order expired on June 28, 2023.  The defendant's notice of appeal docketed on July 29, 2020, is timely only as to the extension order entered on June 30, 2020.  See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).

filed a complaint in the District Court pursuant to G. L. c. 209A on behalf of himself and the minor child. At the ex parte hearing, which took place via telephone consistent with COVID-19 protocols, the plaintiff testified that he "fear[ed] for [his] safety on some level, but more fear[ed] . . . what [the defendant] might do to just sort of take [the child] away, leave the state." A judge entered the ex parte 209A order and scheduled a two-party hearing for June 30, 2020.[2]

Both parties, represented by counsel, appeared by telephone at the June 30, 2020 hearing before a different judge.[3] The plaintiff testified that he was concerned about the defendant's mental health because she had "been very, very sporadic, even violent at times" over the past three months. He described two specific instances of violence that occurred over the prior few months and testified that he and the child were at risk of

---

[2] The plaintiff testified that the weekend before filing the complaint, the police arrived at the parties' home and informed him that the defendant had called them to get information about obtaining an emergency restraining order. He testified that the defendant had depression since before they got married, had previously taken medication, and had been "struggling" since going on maternity leave in February. After speaking with both parties, the police suggested that the defendant should go to the hospital for a psychiatric evaluation, and she was involuntarily committed for seventy-two hours.

[3] A week prior to the extension hearing, the defendant filed a "motion to terminate, vacate nunc pro tunc, and expunge abuse prevention order," (motion to vacate) which the judge denied.

physical harm by the defendant.  The judge extended the 209A order for one year.  This appeal followed.

Sufficiency of the evidence.  The defendant argues that the evidence was insufficient to support the issuance and extension of the 209A order.  "We review the issuance of a c. 209A order for an abuse of discretion or other error of law."  Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 787 (2022).

As a preliminary matter, the defendant is not "entitled to appellate review of an ex parte abuse prevention order if the order is extended in the trial court at the hearing after notice."  V.M. v. R.B., 94 Mass. App. Ct. 522, 524 (2018).  As that is precisely what occurred here, we turn to the June 30, 2020 order.[4]

"The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse.'"  Iamele v. Asselin, 444 Mass. 734, 739 (2005).  "A plaintiff seeking the extension of an abuse prevention order must prove 'by a preponderance of the evidence . . . that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of imminent serious physical

_____

[4] We observe that appellate counsel for the defendant was not counsel for the defendant in the District Court proceedings.

3

harm.'"  G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), quoting MacDonald v. Caruso, 467 Mass. 382, 386 (2014).

The plaintiff testified that the defendant kicked the plaintiff after a disagreement and splashed hot water on his back.  He also testified that he and the child were at risk of physical harm, and that he was "not really sure what to expect" from the plaintiff given his concerns about her mental health. The judge, in denying the defendant's motion to vacate the 209A order, expressly credited these assertions.  "Our role as a reviewing court is not to reassess credibility determinations made by the hearing judge, nor is it to decide whether we would have issued the extension of the G. L. c. 209A order in the first instance."  Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 397 (2022).  See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020) (credibility determinations made by judge who heard testimony of parties given "utmost deference" [citation omitted]).  It was within the judge's discretion to credit the plaintiff's testimony about past physical harm, and his fear that the defendant might harm him or the child, in extending the 209A order.  See Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014) (judge may consider past physical harm as part of "totality of the circumstances" of parties'

4

relationship in granting extension of 209A order).  The judge did not abuse her discretion in extending the 209A order.

<u>Order dated June 30, 2020, extending abuse prevention order, affirmed.</u>

By the Court (Blake, Neyman & Sacks, JJ.[5]),

Paul Sutton

Clerk

Entered:  August 30, 2024.

---

[5] The panelists are listed in order of seniority.